Peter **TRAUMANN** and Marsha Traumann, Plaintiffs,

v.

The **SOUTHLAND CORPORATION**, a Texas corporation; et al., Defendants.

No. C 92 4548–FMS.

United States District Court, N.D. California.

Feb. 10, 1994.

Adrienne M. Moran, Shapiro, Galvin & Shapiro, Santa Rosa, CA, for Peter Traumann and Marsha Traumann.

Charles G. Miller, Ralph J. Sutton, Bartko Tarrant & Miller, San Francisco, CA, for Southland Corp., a Texas corporation.

## ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING IN PART

FERN M. SMITH, District Judge.

### Introduction

This is an action arising out of defendant's disqualification of plaintiffs during training to become 7–Eleven convenience store franchisees.  Plaintiffs seek relief for breach of the

franchise agreement, breach of the implied covenant of good faith and fair dealing, tortious interference and certain claims under California's franchise laws. Defendant moves for summary judgment on grounds that plaintiffs' contract claims are barred by the parol evidence rule, that the implied covenant claims fail because defendant was genuinely dissatisfied with the Traumanns as franchisees, that the interference claims must be dismissed because defendant's disqualification of the Traumanns was justified, and that plaintiff's statutory claims must be dismissed under contract law.

## Background

On July 19, 1993, this Court granted in part and denied in part defendant's first motion for summary judgment which focused on plaintiffs' claims that they had been irrevocably accepted as franchisees before they had started the training course. 842 F.Supp. 386. The Court, applying the parol evidence rule, excluded all evidence of acceptance inconsistent with the integrated franchise agreement and found that four of plaintiff's original causes of action—for breach of contract, breach combined with bad faith denial of contract, and for negligent and intentional fraud—failed as a matter of law. The Court did find genuine issues of fact sufficient to preserve plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

On December 13, 1993, plaintiffs filed an Amended Complaint and defendant's motions followed. The amended complaint revives some of the same issues addressed in the Court's prior order and raises some new issues and claims. The Amended Complaint focuses on allegations concerning implied rights regarding when and how Southland can disqualify potential franchisees during training. The Amended Complaint also, for the first time, alleges tortious interference and various statutory claims under California's franchise laws.

The basic factual allegations giving rise to plaintiffs' claims are set forth in this Court's prior order and will not be repeated here. To the extent relevant new facts are raised in the Amended Complaint in other papers currently before the Court, they are discussed below.

## Discussion

### A. The Standard for Summary Judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

"If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, *specific facts* showing that there is a genuine issue for trial.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (*quoting* Fed.R.Civ.P. 56(e) (emphasis added) and *citing Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103–04 (9th Cir.), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 384 (1986)); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). With respect to these specific facts offered by the non-moving party, the court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the non-moving party. *T.W. Elec. Serv.*, 809 F.2d at 630–31 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

Rule 56(c) nevertheless requires this Court to enter summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The mere existence of a scintilla of evidence in support of the non-moving party's position

is insufficient: There must be evidence on which the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

## B. *Plaintiff's First Claim: Breach of Contract.*

### 1. *In General*

■■■ The Traumanns claim their franchise agreement was "terminated" (1) wrongfully and without good cause or dissatisfaction, (2) without prior warning or notice, (3) without explanation, and (4) without an opportunity "to cure any problem allegedly perceived by Southland." Amended Complaint § 8. These claims presume the existence of certain rights and of internal, unwritten Southland policies. A claim for breach of contract, however, must be based on the nonperformance of express promises or legal duties contained in a contract. 4 A. Corbin, *Corbin on Contracts,* § 943 at 807, n. 1 (1951).

Paragraph 3 of the Franchise Agreement sets forth Southland's obligations after the agreement is signed and before its effective date:

> *Training and Qualification.* [ ] *7–Eleven at any time may discontinue training,* may decline to certify, or may revoke the certification of any participant who fails to evidence an understanding of the training satisfactory to 7–Eleven, or otherwise by acts or omissions, at any time prior to the Effective Date, *is in any way unsatisfactory to 7–Eleven.* If ... 7–Eleven does not certify or revokes the certification of a *FRANCHISEE,* or such participant: (i) the business relationship, if any, between the *FRANCHISEE* and 7–Eleven shall immediately terminate; (ii) this Agreement shall be null and void; and (iii) 7–Eleven shall refund without interest an amount equal to the Down Payment (less any amount due 7–Eleven) as the Franchise Fee.

Franchise Agreement, ¶ 3.

Plaintiffs have not alleged Southland's failure to perform any of these obligations or promises. As a result, the Amended Complaint fails to state a claim upon which relief can be granted. *Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1388, 272 Cal.Rptr. 387 (1990).

Any attempt to bring the current allegations of the Amended Complaint in line with the express terms of the Agreement will run afoul of the parol evidence rule which rejects "any extrinsic evidence, whether oral or written [offered] to vary, alter or add to the terms of an integrated agreement." *Alling v. Universal Mfg. Corp.,* 5 Cal.App.4th 1412, 1433, 7 Cal.Rptr.2d 718 (1992). This Court has already held that this is an integrated agreement. Prior Order at 9:15. Still, plaintiffs in their pleading seek to alter the express terms and obligations of the contract itself. Although such terms are not necessarily inconsistent with these express terms, they may not form the basis of recovery under the written integrated agreement.

While plaintiffs may still have claims for breach of *implied* terms, such claims are properly brought under plaintiffs' seventh claim, for breach of the implied covenant of good faith and fair dealing, discussed below. No allegations of breach of a "good cause" requirement, even if based on the California Franchise Relation Act, state a claim for relief under the express terms of the contract, which guarantees Southland the right to disqualify for dissatisfaction.

### 2. *Failure to Grant Franchise to Peter Traumann Alone Not A Breach*

■■ The Traumanns also claim that Peter Traumann had a separate franchise agreement with Southland and that *his* agreement was terminated without cause and solely because of Southland's dissatisfaction with his wife. This claim hinges on the definition of "franchisee" in the agreement: "the individual(s) (jointly and severally if more than one) signing the agreement as Franchisee."

This general definition cannot circumvent the consequences of the more specific language contained in Paragraph 33 of the Agreement. *Brinderson–Newberg v. Pacific Erectors,* 971 F.2d 272, 279 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1267, 122 L.Ed.2d 663 (1993) (specific contract

terms always control general terms). Paragraph 33 provides:

> *Personal Qualifications.* This Agreement is being entered into by 7–Eleven with the person(s) named on the signature page, *upon the personal qualifications of,* and upon the representation and agreement that the following person(s) will be the Franchisee(s) of and will actively and substantially participate in the operation of the Store and will have full managerial authority and responsibility of the operation of the Store. *No changes in the ownership and/or control of the franchise shall be made without the prior written approval of 7–Eleven.*

Agreement, ¶ 33 (emphasis added). The parties plainly intended that the franchise was to be operated by the people who signed the Franchise Agreement. Here, the Traumanns both signed the Agreement. Under plaintiffs' theory, Peter Traumann is entitled to full ownership and/or control of the franchise because only his wife has been properly disqualified. Even granting the premise that Peter Traumann was improperly disqualified, Southland still retains the contractual right to withhold its consent to any change in ownership, operation or management of its franchise, even if it is a change caused by Southland's disqualification of one spouse from a signatory married couple.

In any event, Paragraph 3 gives Southland the right to end the business relationship with the franchisee "[i]f participation of *a* Franchisee or *any* participant is discontinued by 7–Eleven." Agreement, ¶ 3. Presumably, under plaintiffs' theory, Peter Traumann would be the sole "franchisee" because Marsha Traumann has been disqualified and her participation in the training program discontinued. This would mean that Marsha Traumann was never a franchisee; but was still, at one time, a "participant" in the training program. Marsha's participation having been discontinued, however, the business relationship between 7–Eleven and Peter Traumann, the franchisee, would "immediately terminate" under the Agreement.

C. *Seventh Claim—Breach of Implied Covenant of Good Faith and Fair Dealing.*

■ Every contract imposes upon each party a duty of good faith and fair dealing.

*Restatement Second, Contracts,* § 205. The implied covenant applies where the express terms of the contract grant to parties certain discretionary powers:

> Even where one party retains, by virtue of the contract, a right of approval or disapproval or a discretionary power over the rights of the other, such powers must be exercised 'within the parameters of the duty of good faith' ... *good faith requires that each party act 'reasonably' in light of the 'justified expectations' of the other party.*

*Oakland Raiders, Ltd. v. National Football League,* 791 F.2d 1356 (9th Cir.1986) (emphasis added).

■ The Agreement provides for disqualification of a franchisee who is "unsatisfactory" to defendant. Defendant claims that the only implied covenant relevant to plaintiffs' action is that its dissatisfaction with plaintiffs must be "bona fide." The Court agrees. The Court finds, however, that there is a genuine issue of material fact whether Southland was dissatisfied with the Traumanns or whether plaintiffs were in fact disqualified for other undisclosed reasons. *Pugh v. See's Candies, Inc.,* 203 Cal.App.3d 743, 766, 250 Cal.Rptr. 195 (1988) ("[I]n an action for breach of 'satisfaction contract,' the jury's role is limited to deciding whether the employer's dissatisfaction is bona fide.") Accordingly, defendant's motion for summary judgment on the implied covenant claim will be denied.

Southland allegedly relied on the statements of the two franchise trainers, Raynetta Hart and Leonard Leszczynski, as well as the statements of the Traumanns' classmates, in determining that it was dissatisfied with the Traumanns. These statements do demonstrate dissatisfaction and, in a vacuum, might establish grounds for summary judgment. In light of the dispute concerning Raynetta Hart's knowledge of plaintiffs' plans to purchase Steve Lyons' franchise and the parties' dispute concerning the potential economic benefit to Southland of taking over the store, an inference of hidden motive has been raised.

Simply put, defendant cannot definitively rule out plaintiffs' fairly supported claim that other reasons, including a desire by Southland to take over Steve Lyons' franchise for itself in order to attempt to boost sales and raise the franchise fee, may have played a role in plaintiffs' disqualification. It is, at the very least, "evidence going to [the] issue of the *existence* of bona fide dissatisfaction," *id.*, thereby raising a genuine issue of material fact.

Simply saying that one is dissatisfied after the fact is quite different than proving bona fide dissatisfaction. While "good cause" is not required, the conflict of evidence mandates that the question of "bona fides" be put to the jury.

D. *Plaintiffs' Second and Third Claims For Intentional and Negligent Interference.*

■ Plaintiffs' second and third causes of action are for intentional and negligent interference with prospective economic advantage. Plaintiffs allege that Southland intentionally and negligently interfered with their contract to buy Steve Lyons' franchise interest. The alleged interference consists of the wrongful disqualification of the Traumanns. Amended Complaint ¶¶ 14, 18. Defendant asserts that both claims must fall if Southland had bona fide dissatisfaction with the Traumanns because that would make disqualification of the Traumanns a privileged exercise of its contractual rights. *Summit Mach. Tool Mfg. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1442 (9th Cir.1993) (one element of intentional interference claim is that the claimed breach was caused by defendant's unjustified and wrongful conduct). Defendant is correct; however, because the "bona fide" dissatisfaction issue remains, the Court will not grant summary judgment on plaintiffs' interference claims.

E. *Plaintiffs' Statutory Claims.*

Plaintiffs have amended their complaint to include two new causes of action under the California Franchise Investment Law ("CFIL") and one under the California Franchise Relation Act ("CFRA"). The former protects consumers in the sale of franchises and the latter regulates certain events after the franchise relationship has been formed, such as renewal and termination. *See e.g., Dameshghi v. Texaco Refining & Marketing, Inc.*, 3 Cal.App.4th 1262, 1283, 6 Cal.Rptr.2d 515 (1992) (CFIL).

Plaintiffs' fourth claim, under Cal.Corp. Code § 31200, alleges that Southland's franchise offering circular and agreement failed to include a "statement of conditions under which the franchise agreement may be terminated." Amended Complaint, ¶ 21. After reviewing the franchise offering circular the Court finds that it contains specific conditions of termination in both the sample franchise agreement contained in it and by separate disclosure on pages 36–43 covering renewal, termination, repurchase, etc.

■ Further, the claim is brought under a repealed provision of the CFIL, Cal.Corp. Code § 31111(k). Assuming, *arguendo*, that plaintiffs had pleaded this claim under Cal. Corp.Code § 31111(a), which superseded section 31111(k), the claim would still fail. Section 31111(a) provides that the application for registration "shall be filed with the commissioner upon the Uniform Franchise Registration Application (UFRA)." Cal.Corp.Code section 31111(a). UFRA sets up guidelines for offering circulars and does require a statement of conditions of termination. It does not, however, require that conditions of *disqualification* during training and before the effective date of the agreement, or that conditions precedent, be stated.

■ Plaintiffs' fifth claim, under Cal.Corp. Code section 31201, relates to several allegedly fraudulent communications; (1) the February 28 "acceptance" letter; (2) "other oral representations in the course of selling the franchise to plaintiffs, to the effect that Plaintiffs had been accepted as franchisees"; and (3) statements allegedly made by Michael Sweet in answer to specific inquiries by plaintiffs, purporting to suggest that plaintiffs could only be disqualified for objective reasons, not for subjective reasons. Consistent with its prior order, the Court finds that these reincarnated fraud claims are barred by the parol evidence rule. Prior order at 11–12; *Davis v. Gulf Oil Corp.*, 572 F.Supp.

1393, 1400 (C.D.Cal.1983) (parol evidence rule bars evidence of fraud under CFIL); *see also Brinderson Newberg, supra,* 971 F.2d at 280–81 ("[I]f the false promise relates to the matter covered by the main agreement and contradicts or varies the terms thereof, any evidence of the false promise directly violates the parol evidence rule and is inadmissible."); and *Spahn v. Guild Industries Corp.,* 94 Cal.App.3d 143, 159, 156 Cal.Rptr. 375 (1979) (trial court erred by failing to instruct jury on every element of common law fraud for misrepresentation claim under § 31301).

■■■ The Court also finds that plaintiffs' sixth claim for relief under CFRA fails as a matter of law. Plaintiffs do not have standing under CFRA because they were never granted a franchise. See Cal.Bus. & Prof. Code § 20002 ("A 'franchisee' is a person to whom a franchise is granted.") The Traumanns were disqualified before the operative terms of their franchise became effective. The statutory obligations created under CFRA all relate to rights of a franchisee under an existing franchise agreement, *e.g.,* good cause for termination under Cal.Bus. & Prof.Code § 20020. Here, the agreement never became effective because the condition precedent, i.e., "satisfactory completion of all training by FRANCHISEE and continued certifications of FRANCHISEE until and including the Effective Date", was not satisfied. Agreement, ¶ 4(i).

Plaintiffs' contention that the phrase "effective date" does not apply to the agreement as a whole, but rather only to the beginning of the term of the license and lease is unsupported by the plain language of the Agreement which provides in pertinent part:

> *Term.* The License, Lease, *and continuing obligations of the parties* shall begin on the Effective Date ...

Agreement, ¶ 7 (emphasis added). The Court will not adopt plaintiffs' strained construction which would render several other provisions of the Agreement inoperative or internally inconsistent. Because plaintiffs have only been disqualified from training and not terminated as franchisees, they cannot invoke the protections of the CFRA.

No amount of liberal construction can cure this defect. Simply because the legislature intended to provide prospective franchisees with the information necessary to make an intelligent decision regarding franchises being offered, does not mean that the legislature also intended to rely on non-franchisees to enforce the law. The statute is clear; plaintiffs do not fit the definition of franchisee under the law.

■■■ Finally, the declaration of Kevin Murphy submitted by plaintiffs in opposition to defendant's motion is inadmissible. Mr. Murphy's opinions regarding California franchise laws and their application to this case are not a proper subject for expert testimony because they do not help determine the facts in issue. Federal Rule of Evidence 702. Expert testimony must embrace factual issues and may not include legal opinions or conclusions. *United States v. Jungles,* 903 F.2d 468, 477 (7th Cir.1990). Nor is Murphy's declaration admissible under Federal Rule of Evidence 704 which allows opinion testimony as to an ultimate issue. Such testimony is not permitted when it consists of legal conclusions or opinions. *Marx & Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505, 508–10 (2d Cir.), *cert. denied,* 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).

### Conclusion

For the foregoing reasons defendant's motion for summary judgment and/or dismissal is GRANTED as to the First (Breach of Contract), Fourth (CFIL), Fifth (CFIL), and Sixth (CFRA) Claims in plaintiffs' Amended Complaint. Defendant's motion is DENIED as to the Second (Intentional Interference), Third (Negligent Interference), and Seventh (Implied Covenant of Good Faith and Fair Dealing) Claims in plaintiffs' Amended Complaint.

SO ORDERED.